Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| INMOBILIARIA SAN ALBERTO, INC.<br><br>Peticionario<br><br>v.<br><br>ASOCIACIÓN DE CONDÓMINES TORRE MÉDICA I, DR. PEDRO BLANCO LUGO Y LA ASOCIACIÓN DE CONDÓMINES TORRE II, DR. PEDRO BLANCO LUGO<br><br>Recurridos<br><br>NOVI INVESTIMENTS, CORP.<br><br>Parte Interventora | KLCE202300252 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Civil número:<br>C AC2013-2877<br><br>Sobre:<br>Sentencia Declaratoria |

Panel integrado por su presidenta, la juez Domínguez Irizarry, la juez Rivera Marchand y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece la parte peticionaria, Inmobiliaria San Alberto, Inc. y PMB Realty, Inc., mediante el recurso de epígrafe y nos solicita la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Arecibo, el 12 de diciembre de 2022, notificada el 16 del mismo mes y año. En el referido dictamen, el foro recurrido dio por admitido el requerimiento de admisiones cursado por la Asociación de Condómines Torre Médica I Dr. Pedro Blanco Lugo.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 6 de noviembre de 2013, Inmobiliaria San Alberto, Inc. (Inmobiliaria) y PMB Realty, Inc. (PMB) (peticionarios), incoaron una demanda sobre sentencia declaratoria en contra de la Asociación de Condómines Torre Médica I Dr. Pedro Blanco Lugo (Torre Médica I), la cual

Número Identificador

RES2023 _____

fue enmendada posteriormente para incluir como codemandada a la Asociación de Condómines Torre Médica II Dr. Pedro Blanco Lugo (Torre Médica II) (recurridos).[1] En síntesis, solicitaron que el Tribunal de Primera Instancia declarase que la Torre Médica II tenía derecho a utilizar los baños comunales ubicados en los vestíbulos de los tres (3) pisos de la colindante Torre Médica I.

Por su parte, el 3 de enero de 2017 y el 21 de febrero del mismo año, Torre Médica I y II presentaron sus respectivas alegaciones responsivas.[2]

El 4 de noviembre de 2019, los recurridos cursaron a la parte peticionaria un *Pliego de Interrogatorio, Producción de Documentos y Requerimiento de Admisiones*.[3] En lo pertinente, dicho escrito contenía diecinueve (19) requerimientos de admisión.

En respuesta, el 26 de noviembre de 2019, la parte peticionaria contestó el requerimiento de admisiones.[4] En general, objetó el referido escrito y alegó que este no formulaba por separado las materias sobre las cuales se requería una admisión, ni expresaba las advertencias requeridas por la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33. En particular, adujo en algunos de los requerimientos que no estaban acompañados de documento alguno con relación a los hechos aseverados, ello en violación a la citada regla.

En desacuerdo, el 21 de febrero de 2020, Torre Médica I cursó una misiva en objeción a la contestación de la parte peticionaria.[5] En síntesis, adujo que la parte peticionaria contestó inadecuadamente el requerimiento de admisiones. Argumentó que, contrario a lo propuesto por la parte peticionaria, habían requerimientos que iban dirigidos a que se admitieran hechos, no que se autenticara un documento. Sobre ese particular, abundó

---

[1] Apéndice del recurso, págs. 1-10, 152-161. Cabe señalar que, el 2 de mayo de 2014, NOVI Investments, Corp., desarrolladora de Torre Médica II, instó una *Demanda de Intervención sobre Sentencia Declaratoria* y, posteriormente, fue autorizada por el foro primario a intervenir en el pleito. Véase, Apéndice del recurso, págs. 11-151.
[2] *Íd.*, págs. 162-200.
[3] *Íd.*, págs. 201-222.
[4] *Íd.*, págs. 223-238.
[5] *Íd.*, págs. 239-262.

que, en todo caso, la parte peticionaria tenía acceso a la documentación pertinente, ya que esta fue suministrada previamente y formaba parte del expediente. Planteó que, conforme a la Regla 33 de Procedimiento Civil, *supra*, una parte a quien se le requiere una admisión no podrá aducir como razón para así no hacerlo la falta de información o de conocimiento, a menos que demuestre que ha hecho las gestiones necesarias para obtener dicha información y que la información conocida u obtenida es insuficiente para admitir o negar.

El 3 de marzo de 2020, la parte peticionaria envió un mensaje a Torre Médica I por correo electrónico.[6] En dicha misiva, indicó que estaba pendiente la producción e identificación de los documentos relacionados al requerimiento de admisiones, cuya contestación se había objetado en aras de cumplir con una orden del Tribunal de Primera Instancia de resolver dicha controversia.

Posteriormente, el 1 de diciembre de 2020, Torre Médica I le cursó a la parte peticionaria un segundo requerimiento de admisiones.[7] En esencia, reprodujo los diecinueve (19) requerimientos de admisión que había cursado originalmente. No obstante, por cada requerimiento de admisión, con excepción del número 11, añadió una referencia directa a documentos específicos que obraban en el expediente.

Por su parte, el 21 de diciembre de 2020, la parte peticionaria presentó su *Contestación a Requerimiento de Admisiones*.[8] En general, objetó algunos de los requerimientos porque, según alegó, los documentos a los cuales referían los requerimientos no evidenciaban los hechos propuestos en este para negar o admitir. En otras instancias, objetó el requerimiento por impertinente o planteó que lo había contestado en el primer escrito cursado.

El 22 de junio de 2021, Torre Médica I presentó una *Moción en Solicitud de Orden*.[9] Sostuvo que las respuestas al requerimiento de

---

[6] Apéndice del recurso, pág. 263.
[7] *Íd.*, págs. 264-275.
[8] *Íd.*, págs. 276-282G.
[9] *Íd.*, págs. 283-288.

admisiones sometidas por la parte peticionaria eran vagas, poco responsivas y evasivas. En vista de ello, solicitó al foro primario a que le ordenara a la parte peticionaria responder adecuadamente el requerimiento de admisiones instado.

En desacuerdo, el 8 de julio de 2021, la parte peticionaria radicó una *Oposición a Moción en Solicitud de Orden*.[10] En esencia, arguyó que le solicitó a Torre Médica I que le proveyera copia de los documentos a los cuales hacía referencia en el requerimiento de admisiones para poder contestarlo, pero este último "se cruzó de brazos".[11] Argumentó que Torre Médica I tardó seis (6) meses y medio (1/2) en objetar la contestación del segundo requerimiento de admisiones, sin certificar esfuerzos de buena fe para resolver las controversias relativas a dicho escrito. Por tanto, solicitó que el foro *a quo* declarara sin lugar la *Moción en Solicitud de Orden*.

Evaluados los planteamientos de las partes, el 16 de agosto de 2021, notificada al día siguiente, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual, en lo pertinente, ordenó a Torre Médica I a presentar evidencia de haber cumplido con la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1, sobre las controversias en torno al descubrimiento de prueba.[12]

Luego de varias incidencias procesales, el 13 de julio de 2022,[13] se celebró una vista en la cual el Tribunal de Primera Instancia ordenó que Torre Médica I le produjera a la parte peticionaria la documentación a la que hacía referencia en el segundo requerimiento de admisiones, en un término de cinco (5) días, ello para evitar controversias y promover la aceleración de los procedimientos.[14] Igualmente, el foro primario ordenó que, una vez recibida dicha documentación, la parte peticionaria tenía un término perentorio de quince (15) días para enmendar su contestación al

---

[10] Apéndice del recurso, págs. 289-293.
[11] *Íd.*, pág. 292.
[12] *Íd.*, págs. 294-295.
[13] *Íd.*, págs. 476-527. El 13 de julio de 2022, notificada el 11 de agosto del mismo año, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual recogió lo ordenado en corte abierta el mismo día. Véase, Apéndice del recurso, págs. 427-429.
[14] *Íd.*, págs. 505-506.

requerimiento de admisiones.[15] En específico, el foro *a quo* resolvió que la parte peticionaria no había cumplido con lo dispuesto en la Regla 33 de Procedimiento Civil, *supra*, toda vez que fue evasiva y no había contestado exactamente lo que se le preguntó en el requerimiento de admisiones.[16] A su vez, advirtió que, si en el término perentorio de quince (15) días el requerimiento de admisiones no era contestado, se daría por admitido.[17]

Así las cosas, el 18 de julio de 2022, Torre Médica I presentó una *Moción en Cumplimiento de Orden y Solicitud de Reconsideración Parcial*.[18] En primer lugar, informó que, mediante dicho escrito, daba fiel cumplimiento a la orden de producción de documentos emitida por el foro de instancia en corte abierta. En segundo lugar, solicitó que se reconociera la admisión tácita del requerimiento de admisiones cursado, ante las insubsanables faltas de fondo y forma que matizó la contestación cursada por la parte peticionaria. Específicamente, planteó que la parte peticionaria siempre gozó del material documental que necesitaba para emitir una respuesta que cumpliera con las exigencias de la Regla 33 de Procedimiento Civil, *supra*.

El 29 de julio de 2022, la parte peticionaria se opuso.[19] En síntesis, solicitó que el Tribunal de Primera Instancia declarara sin lugar la moción

---

[15] Apéndice del recurso, pág. 506.
[16] *Íd.*
[17] *Íd.*
[18] *Íd.*, págs. 302-306. Torre Médica I acompañó su escrito con los siguientes documentos: (1) copia de una carta dirigida al licenciado Héctor R. Arroyo Aguilar de parte de la licenciada Noelia Pérez García, con fecha del 15 de agosto de 2017; (2) copia de un correo electrónico dirigido a los licenciados y licenciadas Carlos A. González Soler, María del L. Rivera de Jiménez, Héctor Arroyo Aguilar y Noelia Pérez García de parte de Ana Belén Frías, con fecha del 19 de noviembre de 2020; (3) copia de la *Contestación a Primer Interrogatorio y Requerimiento de Producción de Documentos* dirigido a la parte peticionaria, remitido por Torre Médica I, juramentado el 9 de junio de 2017; (4) copia de la Minuta de Reunión de Torre Médica II, con fecha del 16 de agosto de 2012; (5) copia del Acta de Reunión Ordinaria de Torre Médica II, celebrada el 28 de noviembre de 2012; (6) copia del Registro de Asistencia de la Asamblea Ordinaria de Torre Médica II, celebrada el 28 de noviembre de 2012; (7) copia de una carta dirigida al ingeniero José Nolla de parte de Luis Estévez, con fecha del 5 de julio de 2012; (8) copia de una carta dirigida al ingeniero José J. Nolla Vilá, remitido por los doctores y doctora Juan C. Portella Arraiza, José L. Puig Rivera, Yadiel Alameda Ríos, Onix Reyes Martínez y Luma Al-Atar, con fecha del 12 de mayo de 2012; (9) copia de la Minuta de Reunión de la Junta Directiva de la Torre Médica II, con fecha del 3 de mayo de 2012; (10) copia de la *Moción Solicitando se Incluya Parte Indispensable* presentada por Torre Médica I el 23 de febrero de 2016; (11) copia de la *Moción Conjunta en Oposición a Mociones para la Acumulación e Inclusión de la Asociación de Condómines Torre Médica II Como Parte Indispensable* presentado por la parte peticionaria y NOVI Investments, Corp. el 28 de marzo de 2016. Véase, Apéndice del recurso, págs. 307-366.
[19] Apéndice del recurso, págs. 367-370. La parte peticionaria acompañó su escrito con los siguientes documentos: (1) copia del *Pliego de Interrogatorio, Producción de Documentos y Requerimiento de Admisiones* cursado por Torre Médica I a PMB, con fecha del 4 de

de reconsideración promovida por Torre Médica I y le impusiera sanciones económicas por el retraso injustificado de los procedimientos judiciales.

Por su parte, el 25 de agosto de 2022, Torre Médica I instó una *Moción en Solicitud de Orden Dando por Admitido el Requerimiento de Admisiones Ante Incumplimiento de la Parte Promovida con Plazo Perentorio.*[20] Indicó que le envió el material a la parte peticionaria, conforme a la *Orden* del 13 de julio de 2022. Alegó que había transcurrido el término perentorio de quince (15) días concedido por el foro primario sin que la parte peticionaria remitiera las respuestas suplementarias exigidas mediante el referido dictamen. Por tanto, ante las deficiencias de las respuestas originales y la ausencia de una contestación suplementaria, solicitó que el foro de instancia ratificara la admisión tácita del requerimiento de admisiones cursado, conforme a lo dispuesto por la Regla 33 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa.

En respuesta, el 22 de septiembre de 2022, la parte peticionaria se opuso.[21] Inicialmente, arguyó que la moción presentada por Torre Médica I el 18 de julio de 2022 no cumplió con lo ordenado por el foro primario el 13 de julio de 2022, ya que dicha moción fue una reconsideración. Sobre ese particular, planteó que Torre Médica I solamente intentó establecer que los documentos en cuestión se habían producido anteriormente y, por tanto, el propósito de su solicitud de reconsideración era que se dieran por admitidos los requerimientos. No obstante, alegó que los documentos producidos en la moción de reconsideración fueron solamente para establecer la alegada notificación previa, sin identificar qué documento

---

noviembre de 2019; (2) copia de la *Contestación a Requerimiento de Admisiones* presentada por Inmobiliaria, juramentada el 26 de noviembre de 2019; (3) copia de un correo electrónico sobre las *Objeciones a Contestaciones del Requerimiento de Admisiones* dirigido a la licenciada Noelia Pérez García de parte del licenciado Héctor R. Arroyo Aguilar; (4) copia de correo electrónico entre la licenciada Noelia Pérez García y el licenciado Héctor R. Arroyo Aguilar, con fechas del 21 y 24 de febrero de 2020; (5) copia de un correo electrónico dirigido al licenciado Héctor R. Arroyo Aguilar de parte de la licenciada Noelia Pérez García, con fecha del 3 de marzo de 2020; (6) copia del *Requerimiento de Admisiones* cursado por Torre Médica I, con fecha del 1 de diciembre de 2020; (7) copia de la *Contestación a Requerimiento de Admisiones* presentada por Inmobiliaria, juramentada el 21 de diciembre de 2020. Véase, Apéndice del recurso, págs. 371-426.

[20] Apéndice del recurso, págs. 433-435.

[21] *Íd.*, págs. 438-440.

correspondía a cada requerimiento de admisión enumerado. En vista de ello, solicitó al foro de instancia que ordenara a Torre Médica I cumplir con la *Orden* del 13 de julio de 2022 en atención a lo establecido en la Regla 33 de Procedimiento Civil, *supra*, y notificar copia de los documentos, conjuntamente con el requerimiento, identificando claramente el documento con el número específico del requerimiento de admisiones.

Después de varios trámites procesales, el 12 de diciembre de 2022, notificado el 16 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Resolución* que nos ocupa.[22] En lo pertinente, el foro *a quo* resolvió lo siguiente:

[. . .]

[E]n cuanto a la solicitud para que se d[é] por admitid[o] el requerimiento de admisiones que remitió [Torre Médica I] a la parte [peticionaria], del expediente se desprende que la Orden emitida el 13 de julio de 2022 fue clara al ordenar a la parte demandante enmendar en el término perentorio de 15 días las contestaciones del requerimiento de admisiones, a partir de que [Torre Médica I] le remitiera copia de los documentos que se relacionan en dicho requerimiento, para lo cual tenía 5 días. En dicho dictamen, a [Torre Médica I] no se le ordenó a que remitiera nuevamente el *requerimiento de admisiones* con los documentos aludidos, por entender esto no ser necesario a raíz de lo discutido en la vista del 13 de julio de 2022 y los escritos previamente presentados por las partes en torno a la controversia que generó el mismo. Inclusive, la parte demandante no lo solicitó en la vista del 13 de julio de 2022 cuando fue emitida la orden, ni solicitó reconsideración al efecto. Ante ello, entendemos no procede lo solicitado por la parte [peticionaria] y sí lo solicitado por [Torre Médica I], ante el hecho de que al presente dicha parte no ha cumplido con lo ordenado el 13 de julio de 2022.

Por todo lo cual, se declara Ha Lugar lo solicitado por [Torre Médica I] y, en consecuencia, se da por admitido el requerimiento de admisiones en controversia.[23]

[. . .]

Insatisfecha, el 3 de enero de 2023, la parte peticionaria presentó una *Moción de Reconsideración*.[24] Evaluado el petitorio, el 10 de febrero de 2023, notificada el 13 del mismo mes y año, el foro primario emitió una

---

[22] Apéndice del recurso, págs. 549-463.
[23] *Íd.*, págs. 462-463.
[24] *Íd.*, págs. 464-472.

*Resolución* mediante la cual declaró No Ha Lugar la solicitud de reconsideración.[25]

Inconforme con dicha determinación, el 15 de marzo de 2023, la parte peticionaria acude ante nos mediante el recurso de epígrafe y realiza los siguientes señalamientos de error:

> Primer Error: El Tribunal de Primera Instancia erró al dar por admitido un requerimiento, por alegada insuficiencia de las contestaciones, aun cuando el requerimiento no incluyó los documentos y la indicación de a cuál aseveración del requerimiento correspondía.

> Segundo Error: El Tribunal de Primera Instancia erró al admitir tácitamente un requerimiento de admisiones, cuyas contestaciones nunca se objetaron dentro del término contemplado para ello ni se agotaron los esfuerzos de buena fe para dilucidar tal controversia. Ello, a pesar de que el requerimiento se contestó dentro del término de veinte (20) días, por lo que el proceder correcto era la enmienda o retiro una vez TM-I cumpliera con su obligación de proveer los documentos e identificar cuál debía evaluarse por cada documento.

Evaluado lo anterior, el 17 de marzo de 2023, ordenamos a la parte recurrida presentar su oposición a la expedición del auto de *certiorari*, conforme a la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 37. En cumplimiento con nuestra orden y luego de una prórroga, el 3 de abril de 2023, Torre Médica II compareció mediante *Oposición a Expedición de Auto de Certiorari*. Por su parte, el 5 de abril de 2023, Torre Médica I compareció mediante *Oposición a Expedición de Certiorari*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo

---

[25] Apéndice del recurso, págs. 473-475.

abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745

(1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea como su primer señalamiento de error que el Tribunal de Primera Instancia incidió al dar por admitido un requerimiento de admisiones que no incluía los documentos pertinentes y la indicación de a cuál aseveración del requerimiento correspondía cada documento. Como segundo señalamiento de error, la parte peticionaria sostiene que el foro primario incidió al admitir tácitamente un requerimiento de admisiones, cuyas contestaciones nunca se objetaron dentro del término contemplado para ello, ni se agotaron los esfuerzos de buena fe para dilucidar tal controversia. Según alega, el proceder correcto era la enmienda o retiro de las contestaciones una vez Torre Médica I cumpliera con su obligación de proveer los documentos e identificar cuál debía evaluarse por cada requerimiento de admisión.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre el planteamiento que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al dar por admitido el requerimiento de admisiones objeto del presente recurso, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Por otra parte, este Foro no debe de entender en asuntos sobre manejo de caso, a menos que se demuestre un fracaso a la justicia, cónsono con la Regla 52.1 de Procedimiento Civil, *supra*. Al examinar el pronunciamiento del cual se recurre, se desprende que el mismo no está contenido en las instancias contempladas por la citada Regla para que este

Foro pueda entender sobre ello. Nuestras facultades para atender asuntos sobre el manejo del caso están expresamente delimitada por el ordenamiento procesal antes citado. Además, la parte peticionaria no demostró que, de no actuar respecto a su solicitud, habría de producirse un fracaso a la justicia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

Al evaluar los documentos que nos ocupan, así como la transcripción de la vista oral celebrada el 13 de julio de 2022, coincidimos con que, al adjudicar el asunto, el Tribunal de Primera Instancia actuó de conformidad con las normas que prevalecen en la materia que atendemos. Ello, nos hace concluir que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones